**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>EDGAR CLARK, et al.,<br><br>    Defendants-Appellees. | No. 19-16127<br><br>D.C. No. 1:12-cv-01334-LJO-SKO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

California state prisoner Reno Fuentes Rios appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014)

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(en banc) (failure to exhaust); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (deliberate indifference). We affirm.

The district court properly granted summary judgment on Rios's claim related to his dental care because Rios failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (requiring inmates to exhaust administrative procedures prior to filing suit in federal court).

The district court properly granted summary judgment on Rios's claims related to his asthma and chronic pain because Rios failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious medical needs. *See Toguchi*, 391 F.3d at 1057-60 (holding deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

19-16127

The district court did not abuse its discretion in denying Rios's motion for appointment of counsel because Rios failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" standard for appointment of counsel).

The district court did not abuse its discretion by denying Rios's motion for the appointment of a medical expert because Rios failed to show that such an appointment was necessary. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070-71 (9th Cir. 1999) (setting forth standard of review and noting that district court has discretion to appoint an expert where such an appointment is necessary).

We reject as meritless Rios's contention that the district court erred by failing to consider his summary judgment materials.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**

19-16127